# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| VAELII CLIFTON TALIAOA,<br><br>    Petitioner<br><br>v.<br><br>BRIAN TALIAOA, *et al.*,<br><br>    Respondents. | Case No.: 2:23-cv-00686-RFB-BNW<br><br>**ORDER** |

Vaelii Clifton Taliaoa has submitted a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF Nos. 1-1, 1-2. His application to proceed *in forma pauperis* is granted. ECF No. 1. The Clerk of Court will be ordered to docket the petition. Having screened the petition under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, the court concludes that the petition contains factual allegations that demonstrate the possibility of constitutional error and, therefore, will direct the Clerk to serve it on respondents. For reasons discussed below, however, respondents will not be required to respond to the petition pending a determination whether Taliaoa can show cause why the petition should not be dismissed as unexhausted and premature.

With his petition, Taliaoa is challenging a judgment of conviction entered in the Eighth Judicial District Court (Clark County) for Nevada pursuant to a guilty plea to child abuse/neglect

and child abuse/neglect causing substantial bodily harm. ECF No. 1-1 at 2. Judgment of conviction was filed on February 16, 2023, and Taliaoa filed a timely notice of appeal on March 17, 2023.[1] It appears that briefing in that appeal was completed in September 2023, and that the appeal is currently pending before the Nevada Supreme Court.

This court is not permitted to adjudicate a federal habeas petition containing unexhausted grounds for relief. See Rose v. Lundy, 455 U.S. 509, 510 (1982); Rhines v. Weber, 544 U.S. 269, 274–75 (2005). Several of the grounds for relief in Taliaoa's petition are based on allegations of prosecutorial misconduct and violation of his due process rights. Such claims must be raised on direct appeal. See, e.g., Pellegrini v. State, 34 P.3d 519, 534 (Nev. 2001). He also alleges that his plea counsel was ineffective. In Nevada, such claims must be raised in a postconviction habeas corpus petition and are not cognizable on direct appeal. See id. Thus, Taliaoa's claims remain unexhausted.

Taliaoa may have filed his federal petition out of concern about the time limitation imposed by 28 U.S.C. § 2244(d)(1)(A). Under that provision, a state prisoner must file a federal habeas petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Further, "[t]he time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under [§ 2244(d)]." 28 U.S.C. § 2244(d)(2).[2] Here, Taliaoa's conviction is still

---

[1] Nevada Supreme Court Case No. 86294. The court takes judicial notice of the Nevada appellate docket.

[2] If a state post-conviction petition is not timely under state law it is not "properly filed" for the purposes of § 2244(d)(2) and, therefore will not toll the federal one-year filing period. See Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005). Also, "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court" and ask for a stay under Rhines. Id. at 216.

under direct review. It appears he has the entirety of his one-year federal filing period remaining. This court is not inclined to have this case sit on its docket indefinitely if Taliaoa is not in danger of missing his § 2244(d)(1) deadline. For one, he may obtain the relief he seeks in state court, which would make part or all of his federal petition moot.

On the other hand, Taliaoa may have legitimate timeliness concerns that have not been presented to the court. Thus, the court will give Taliaoa an opportunity to show cause why this case should not be dismissed as unexhausted and premature. Taliaoa can accomplish this by demonstrating that, despite the information above, he has valid reasons to be concerned about being able to file a timely federal petition if this case is dismissed without prejudice.

**IT IS THEREFORE ORDERED** that the Clerk is directed to **file** and **electronically serve** the petition (ECF Nos. 1-1, 1-2) on the respondents; and **add** Aaron D. Ford, Nevada Attorney General, as counsel for respondents. Pending further orders, respondents are not required to formally appear in this case or respond to the petition.

**IT IS FURTHER ORDERED** that the Clerk **provide** respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.

**IT IS FURTHER ORDERED** that Taliaoa has **30 days** from the date that this order is entered to show cause why his petition should not be dismissed without prejudice as unexhausted and premature. Failure to respond within the time allowed or show good cause for an extension will result in dismissal without further notice.

**IT IS FURTHER ORDERED** that all assertions of fact made by Taliaoa in response to this show cause order must be detailed, must be specific as to time and place, and must be

supported by competent evidence. Taliaoa should attach copies of all materials upon which he bases his argument that his petition should not be dismissed as unexhausted and premature.

**DATED:** January 9, 2024.

                                                  **RICHARD F. BOULWARE, II**
                                                  **UNITED STATES DISTRICT JUDGE**